```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

```
ARTHUR B. BOUDIN and,             :
SUSAN A. THOMPSON-BOUDIN,         :
                                  :
     Counter Claimants,           :
                                  :
vs.                               :       CIVIL ACTION 08-390-CG-M
                                  :
SOUTH POINT, INC.,                :
                                  :
     Counter Defendant.           :
```

REPORT AND RECOMMENDATION

The Motion to Remand filed by Counter Claimants (Doc. 10) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under 28 §§ 1331 and 1332.  After consideration, it is recommended that Counter Claimants' motion be granted and that this action be remanded to the Baldwin County Circuit Court for all further proceedings.

The facts are, briefly, as follows.  This action was begun when Counter Defendant South Point, Inc. brought an action in the Baldwin County Circuit Court, on March 21, 2008, against Counter Claimants Arthur B. Boudin and Susan A. Thompson-Boudin (hereinafter *the Boudins*) to evict them from their home, located in Fairhope, Alabama, following foreclosure (Doc. 1, pp. 1-2; *see*

*also* Doc. 1, Exhibit A).[1]  On April 24, the Boudins Answered the Complaint and raised four counterclaims against South Point; those claims were:  (1) a violation of the Federal Truth-in-Lending Act; (2) Wrongful Foreclosure and Slander of Title; (3) Abuse of Process; and (4) Declaratory and Injunctive Relief (Doc. 1, Exhibit A, pp. 11-21).  On May 16, South Point filed a Motion to Dismiss the Complaint, asserting that the property had been vacated (Doc. 1, Exhibit A, p. 23).  On the same date, the entire action, including the counterclaims, was dismissed (Doc. 1, Exhibit A, p. 24).  Later that same day, the Counter Claimants file a Motion to Reinstate the action (Doc. 1, Exhibit A, pp. 25-26); that Motion was denied on May 21, 2008 (Doc. 1, Exhibit A, p. 33).  On May 22, the Boudins filed a Motion for Reconsideration (Doc. 1, Exhibit A, pp. 34-40); the State Court granted that motion and reinstated the case, made up of only the counterclaims, on June 12, 2008 (Doc. 1, Exhibit A, pp. 43-44).

On July 7, 2008, South Point removed the action, asserting that this Court had both subject-matter jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332 (Doc. 1).  The Boudins filed a Motion to Remand, asserting that the action should never have been removed (Doc. 10).  South Point has

---

[1] Exhibit A to Document 1 is the record of Court proceedings from the Baldwin County Circuit Court in this action prior to removal.  For the sake of simplicity, this Court will refer to the Complaint as the Complaint, rather than Doc. 1, Exhibit A.  The Court will reference all other documents from the State Court as an exhibit.

Responded (Doc. 12) to which Counter Claimants have Replied (Doc. 13). The Court will now take up the Motion to Remand.

As a preliminary matter, the Court notes that, in a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom. Hanna Steel Corp. v. Lowery*, 128 S.Ct. 2877 (2008). In a removal action, that burden is on the defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending. 28 U.S.C. § 1441(a). South Point has asserted two grounds for jurisdiction in bringing this action. The first is diversity jurisdiction in which this Court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b).

There is no apparent dispute that the parties are diverse from each other as the Boudins reside in Alabama and South Point is a Delaware corporation (Doc. 1, Exhibit A, p. 13, ¶¶ 6-7; *cf.* Doc. 1, p. 4, ¶ 9). What is disputed is whether the matter in controversy exceeds $75,000. Counter Defendant has asserted that the disputed amount exceeds $99,000 (Doc. 1, p. 4, ¶ 8) while Counter Claimants argue that South Point's argument is flawed (Doc. 13, pp. 2-5).

In removing this action, South Point has pointed to the Boudins' counterclaim for the Truth-in-Lending violation as support for its assertion that this controversy exceeds the jurisdictional requisite (Doc. 1, ¶ 8) (citing Doc. 1, Exhibit A, ¶¶ 24-27). The assertion, basically, is that because the Boudins are seeking recision of the mortgage,[2] attorneys fees, and compensatory and punitive damages, they have easily satisfied the $75,000 requirement.

The Court notes that the Complaint in this action, filed by South Point, makes no demand for a specific amount of damages (Complaint). In fact, though some money damages were sought, the main thrust of South Point's action was to gain possession of the property ("[South Point] demands possession of the aforesaid real

---

[2] South Point has tendered a copy of the Mortgage Agreement, entered into by the Boudins, which demonstrates an agreement by them to pay $92,000, plus interest, for the purchase of their home (Doc. 12, Exhibit B) as well as a copy of the Foreclosure Deed in which South Point purchased the Boudin property for $99,178.26 (Doc. 12, Exhibit A).

property, together with money damages for the wrongful retention of said real property and an order that the [Boudins] have forfeited their right to redemption for failing to vacate the property plus such other, further and different relief Plaintiff is entitled to under these premises and costs of court") (Complaint, p. 2).

Counter Claimants argue that South Point has improperly relied on their counterclaim to meet the jurisdictional requirements. In *First Guaranty Bank & Trust Co. v. Reeves*, 86 F.Supp.2d 1147 (M.D. Fla. 2000), one of our sister District Courts, the U.S. District Court for the Middle District of Florida, examined the five previous decisions within the eleventh circuit which had ruled on the appropriateness of considering a counterclaim in determining whether removal had been proper. The *Reeves* Court found that the other cases had all reached the decision that it was improper to consider the counterclaim. It agreed with the prior decisions, stating specifically: "[o]nce a plaintiff, always a plaintiff. Likewise, once a defendant, always a defendant. In the instant case, the defendant was not converted into a plaintiff by filing a counterclaim. Thus, defendant's counterclaim may not be treated as a complaint for calculation of the amount in controversy." *Reeves*, 86 F.Supp.2d at 1152 (citing *Coastal Air Serv., Inc. v. Tarco Aviation Serv., Inc.,* 301 F.Supp. 586, 588 (S.D. Ga. 1969) and *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)).

In this action, the Court finds the *Reeves* reasoning, though not fully set out herein, as sound and adopts its holding. Having reached this determination, the Court finds that South Point has failed to demonstrate that the amount in controversy amounts to $75,000.  This Court does not appear to have diversity jurisdiction over this matter.

The Court notes, however, that in removing this action, South Point has asserted two grounds for jurisdiction, the second being subject-matter jurisdiction.  Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

In its Complaint, South Point asserted only State law claims.  South Point has hung its argument for meeting federal question jurisdiction on the Boudins' counterclaim under the Truth-in-Lending Act (Doc. 1, ¶¶ 6-7).  The Court thinks it is inappropriate to consider the counterclaim in light of the following U.S. Supreme Court holding:

> [A] suit arises under the Constitution and
> laws of the United States only when the
> plaintiff's statement of his own cause of
> action shows that it is based upon those laws
> or that Constitution.  It is not enough that
> the plaintiff alleges some anticipated
> defense to his cause of action, and asserts
> that the defense is invalidated by some
> provision of the Constitution of the United
> States.  Although such allegations show that
> very likely, in the course of the litigation,
> a question under the Constitution would

>     arise, they do not show that the suit, that
>     is, the plaintiff's original cause of action,
>     arises under the Constitution.

*Louisville & N.R. Co. v. Mottley*, 211 U.S. 149 (1908).  The Court further notes that "[t]he well-pleaded complaint rule also governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a)."  *Homes Group, Inc. v. Varnado Air Circulation Systems*, 535 U.S. 826, 830 n.2 (2002).

The Court finds that South Point's complaint fails to raise a claim that gives rise to federal jurisdiction.  The Boudins' raising of a federal claim, by means of a counterclaim, does not provide this Court with jurisdiction.

After considering the pleadings of record, the Court finds that South Point has failed to demonstrate that this Court has jurisdiction over this action.  Therefore, it is recommended that Counter Claimant's Motion to Remand be granted (Doc. 10) and that this action be remanded back to the Baldwin County Circuit Court for all further proceedings.

              MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
                 AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
                  <u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)©; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the

findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 2nd day of February, 2009.

                                            s/BERT W. MILLING, JR.
                                            UNITED STATES MAGISTRATE JUDGE