**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| **ARTHUR B. BOUDIN, and** | ) | |
| **SUSAN A. THOMPSON-BOUDIN,** | ) | |
| | ) | |
| **Counter Claimants,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 08-0390-CG-M** |
| | ) | |
| **SOUTH POINT, INC.,** | ) | |
| | ) | |
| | ) | |
| **Counter Defendant.** | ) | |

**ORDER**

This matter is before the court on the report and recommendation of the Magistrate Judge (Doc. 22), and the objection thereto of South Point, Inc. ("South Point") (Doc. 23). The Magistrate Judge recommended that the court grant Counter Claimants' motion to remand (Doc. 10), because a counterclaim cannot be the basis for federal jurisdiction. Upon a de novo review of those portions of the report and recommendation to which objection is made, the court agrees with the findings of the Magistrate Judge and finds that this action should be remanded.

This case was originally filed on March 21, 2008, in Baldwin County Circuit Court seeking eviction of Arthur B. Boudin and Susan A. Thomson-Boudin ("the Boudins"). The Boudins filed four counterclaims against South Point asserting (1) a violation of the Federal Truth-in-Lending Act, (2) wrongful foreclosure and slander of title, (3) abuse of process, and (4) declaratory and injunctive relief. (Doc. 1, Ex. A). South Point's complaint was dismissed without prejudice on May 16, 2008 because the property had been vacated. (Doc. 1, Ex. A, p.

23).[1]  On July 7, 2008, the Boudins removed the action to this court asserting that the court has

both subject-matter jurisdiction and diversity jurisdiction over their counterclaims.   The

Magistrate Judge found that the court cannot consider a counterclaim when considering whether

the requisite amount in controversy is met for diversity purposes or whether this court has

federal question jurisdiction.  The Magistrate followed a decision by the U.S. District Court for

the Middle District of Florida which held that counterclaims could not be considered for the

purpose of establishing the amount in controversy.  First Guaranty Bank & Trust Co. v. Reeves,

86

F.Supp.2d 1147 (M.D. Fla. 2000) ("once a plaintiff, always a plaintiff").  For federal question

jurisdiction, the Magistrate, quoting Louisville & N. R. Co. v. Mottley, 211 U.S. 149 (1908),

reasoned that it is not enough that a defense raises a federal question, because the suit must arise

under the Constitution and laws of the United States.  Additionally, the Magistrate stated that

"[t]he well-pleaded complaint rule also governs wether a case is removable from state to federal

court pursuant to 28 U.S.C. § 1441(a)." (Doc. 22, p. 7) (quoting Holmes Group, Inc. v. Vornado

Air Circulation Systems, 535 U.S. 826, 830 n.2 (2002));

        South Point does not appear to argue that the Magistrate's pronouncement that

jurisdiction generally cannot arise out of a defendant's counterclaim is incorrect.  A review of

the case law clearly indicates that counterclaims are not to be considered when determining

federal jurisdiction. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826,

831, 122 S.Ct. 1889, 1894 (U.S.,2002) ( "Allowing a counterclaim to establish 'arising under'

---

        [1] Actually, the entire action was dismissed on that date, but the case was reinstated on
June 12, 2008, with just the counterclaims remaining. (Doc. 1, Ex. A. pp. 33-44).

jurisdiction would also contravene the longstanding policies underlying our precedents."); Caterpillar, Inc. v. Williams, 482 U.S. 386, 399, 107 S.Ct. 2425, 2433, 96 L.Ed.2d 318 (1987)("a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."); State of Texas by and Through Bd. of Regents of the Univ. of Texas v. Walker, 142 F.3d 813, 816 n. 2 (5th Cir. 1998) ("There has never been a suggestion that a defendant could, by asserting an artful counterclaim, render a case removable in violation of the well-pleaded complaint rule."); Stone v. Williams, 792 F.Supp. 749, 753 (M.D.Ala. 1992) (quoting Great Northern Ry. Co. v. Alexander, 246 U.S. 276 at 281, 38 S.Ct. 237, 62 L.Ed. 713 (1918)) ("if allegations in the complaint do not bring the case within the removal jurisdiction of the district court, '[the suit] cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant.' "); Atco Parts, Inc. v. Garrison, 2009 WL 1360887 (M.D. Fla. May 13, 2009) (citing Holmes supra); see also Charles Alan Wright, ARTHUR R. MILLER & EDWARD COOPER, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction 3d § 3731 (1998) (""[T]he basic principle [is] that defendants may remove only on the basis of claims brought against them and not on the basis of counterclaims, cross-claims, or defenses asserted by them.") (emphasis in original).

South Point asserts that, under the circumstances of this case, where only the counterclaims remain, the counterclaimants were converted to the plaintiffs and South Point became a defendant.  Essentially, South Point argues that its claims are no longer counterclaims as it has become the complainer in this action by virtue of the dismissal of the original complaint.  Alabama law permits realignment of parties in certain circumstances. See, e.g., Ex

parte State ex rel. James, 711 So.2d 952, 968 (Ala. 1998) (noting that "realignment of parties is permissible under the Alabama Rules of Civil Procedure").  However, "[f]acts forming the basis of realignment must exist at the time of filing the original suit." Texas Pac. Coal & Oil Co. v. Mayfield, 152 F.2d 956, 957 (5th Cir. 1946).  Moreover, courts that have considered similar circumstances have disagreed.  A counterclaimant is not automatically considered a plaintiff, for purposes of removal, once the complaint is dismissed.  For instance, in Chancellor's Learning System, Inc. v. McCutchen,  2008 WL 269535 (N.D.Ohio, Jan. 29, 2008), the complaint was voluntarily dismissed prior to removal, yet the court found that federal question jurisdiction could not arise under the counterclaims.  As in this case, the plaintiff argued that it was the "functional defendant" since only the counterclaims remained. Id. at *2.  The court stated that "[u]nder the functional test, a federal court may realign the parties if the counterclaim is the 'mainspring' of the action." Id. at *3.  However, the court found that the facts of that case did not warrant realigning of the parties. Id.

    In the instant case, the court is not persuaded that this case presents an appropriate circumstance for realignment.  The court's alignment of the parties must be determined according to "the principal purpose of the suit and the primary and controlling matter in dispute." Indemnity Ins. Co. of North America v. First Nat'l Bank at Winter Park, Fla., 351 F.2d 519, 522 (5th Cir. 1965) (citation omitted).  The court notes that South Point offered no justification for realignment in their notice of removal, their response in opposition to the motion to remand, or in their objection, other than the fact that their complaint has been dismissed.  As discussed above, that in and of itself simply is not a valid reason to grant South Point defendant status for removal purposes.  This action arose from the Boudins' failure to vacate after foreclosure of their

property.  South Point's complaint was not a preliminary action seeking to determine facts or legal issues that would impact the real dispute - the claims asserted in the counterclaims.  The Boudins' counterclaims appear to have been filed as a defense to vacating the property, attacking the validity of the basis of the eviction proceeding, the foreclosure.  The Boudins' subsequent voluntary vacancy of the property does not alter their status as defendants.


## CONCLUSION

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this court.  It is **ORDERED** that the motion to remand (Doc. 10) is **GRANTED** and this action is hereby **REMANDED** to Baldwin County Circuit Court

**DONE and ORDERED** this 9th day of June, 2009.


/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE